996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Charles GREENE, Defendant-Appellant.
 No. 92-6396.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This direct criminal appeal arises out of events occurring at the Federal Correctional Institution in El Reno, Oklahoma, where the defendant-appellant was serving a 30-month sentence for involuntary manslaughter. On April 30, 1992, corrections officer Terry Joe Pennington was instructing a new employee on how to conduct routine inmate shake-downs, when the defendant began yelling from the activity room. Pennington went to the activity room and asked the defendant if there was a problem. The defendant began cursing at Pennington and refused Pennington's requests to submit to a search.
 
 
 2
 When the defendant left the activity room for his cubicle, Pennington called his supervisor for assistance. Pennington subsequently went to the defendant's cubicle accompanied by two corrections officers. Once again, Pennington requested that the defendant submit to a search. A struggle ensued between Pennington and the defendant, and the defendant was eventually handcuffed by the other two corrections officers. As these officers escorted the defendant from his cell, the defendant kicked Pennington in the groin with his steel-toed boot. Pennington suffered a ruptured testicle which had to be surgically removed.
 
 
 3
 The defendant was subsequently indicted for assaulting a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111.[1] A jury convicted the defendant of the lessor offense of assaulting a federal officer without a deadly weapon, and the district court sentenced the defendant to an additional three years imprisonment. The defendant now appeals and we affirm.
 
 
 4
 The defendant challenges his conviction on two grounds. First, he argues that the evidence was insufficient to establish that he intended to physically injure Pennington when he kicked him in the groin. The evidence supporting a conviction is insufficient if, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Thurston, 771 F.2d 449, 452 (10th Cir.1985). After reviewing the evidence in the record, we conclude that there was substantial evidence supporting the jury's conclusion that the defendant intended to injure Pennington. Accordingly, we find that the defendant's first claim is without merit.[2]
 
 
 5
 The defendant's second argument challenges the district court's instruction on intent. The defendant argues that the court improperly instructed the jury that it could infer that "a person intends the natural and probable consequences of acts knowingly done or knowingly omitted."[3] However, we have approved virtually identical instructions in a series of prior decisions. See United States v. Hollis, 971 F.2d 1441, 1452 n. 5 (10th Cir.1992), cert. denied, 113 S.Ct. 1580 (1993); United States v. Simpson, 950 F.2d 1519, 1524 (10th Cir.1991); United States v. Vreeken, 803 F.2d 1085, 1090, 1092 (10th Cir.1986), cert. denied, 479 U.S. 1067 (1987); United States v. Thoma, 713 F.2d 604, 606-07 (10th Cir.1983), cert. denied, 464 U.S. 1047 (1984); United States v. Ogle, 613 F.2d 233, 242-43 (10th Cir.1979), cert. denied, 449 U.S. 825 (1980). We find no reason to depart from these decisions in the instant case. Accordingly, we conclude that the defendant's second contention is also without merit.
 
 
 6
 The district court's judgment is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 111 provides:
 (a) In general. Whoever--
 (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
 (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
 shall be fined under this title or imprisoned not more than three years or both.
 (b) Enhanced penalty. Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon, shall be fined under this title or imprisoned not more than ten years, or both.
 
 
 [2]
 Given our conclusion that there was substantial evidence from which the jury could rationally have inferred that the defendant intended to physically injure Pennington, we need not address the government's argument that an intent to physically injure is not a required element for a conviction under 18 U.S.C. § 111
 
 
 [3]
 The jury instruction provided in its entirety:
 The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.